**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DEMONTE HOWARD EMBRY,

  Defendant - Appellant.

No. 12-5209
(D.C. Nos. 4:12-CV-00123-CVE-PJC
and 4:10-CR-00056-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Demonte Howard Embry seeks to appeal the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence. The matter is before this court on Embry's request for a certificate of

appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA). Because Embry has not "made a substantial showing of the

denial of a constitutional right," this court **denies** his request for a COA and

**dismisses** this appeal. *Id*. § 2253(c)(2).

A federal jury found Embry guilty of being a felon in possession of a

firearm. *United States v. Embry*, 452 F. App'x 826 (10th Cir. 2011). On direct

appeal, this court resolved Embry's challenges to the denial of his post-trial discovery motion and the partial grant of a motion *in limine* filed by the government before trial. *Id*. at 830. Embry thereafter filed the instant § 2255 motion, raising six claims of ineffective assistance of counsel. Specifically, he asserted counsel was ineffective for failing to exercise peremptory challenges to avoid an all-white jury, failing to call two citizen witnesses and one of the arresting officers, failing to file a motion for acquittal, failing to file a motion for continuance so additional witnesses could be located, and conducting inadequate discovery before trial. The district court addressed each of the claims by applying the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). The court concluded Embry was not entitled to relief on any claim because he was unable to demonstrate, *inter alia*, that his counsel's performance was deficient.[1]

To be entitled to a COA, Embry must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or,

---

[1]The district court also concluded Embry failed to show he was prejudiced by counsel's actions. We need not address Strickland's prejudice prong because reasonable jurists could not debate the correctness of the district court's performance-prong analysis. *See Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one").

-2-

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Embry has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Embry need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Embry's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Embry is not entitled to a COA on any of his claims. The district court's resolution of Embry's claims is not reasonably subject to debate and the issues he seeks to raise on appeal relating to those claims are not adequate to deserve further proceedings.

Embry's application for a COA is **denied** and his appeal is **dismissed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-